Next case on the docket is Peeble v. Jenkins, and the case number is 5-12-0177. The case is Peeble v. Jenkins. The case is Peeble v. Jenkins, and the case number is 5-12-0177. The trial court then told Mr. Jenkins that he had properly preserved his objection for the record, and that these are issues that you'll be able to raise on appeal or in a post-conviction proceeding. That particular hearing ended almost immediately thereafter. Now, the trial court erred, Your Honors, because once Mr. Jenkins raised a preliminary concern of ineffective assistance of counsel, the Illinois Supreme Court has made clear in multiple cases, Kringle and Peeble v. Moore, that the trial court then had a duty to make further inquiries. In fact, Your Honors, this case is almost identical to Peeble v. Moore. In Moore, the defendant, just like Mr. Jenkins, made a claim that his counsel was ineffective. And the trial court, just like this trial court, told Mr. Moore that that was something that would be addressed on appeal or in a post-conviction proceeding. And in amending this case back to the trial court, the Illinois Supreme Court made clear that the trial court is required to make some inquiry into Mr. Jenkins' factual allegations. Here, the trial court failed to make any inquiry. It's clear from the record that the trial court told him that this could be handled on appeal, and there were no further opportunities to address this in that particular hearing. Now, the State has raised two arguments. The first is that Mr. Jenkins didn't make a sufficient allegation to the trial court. The claim that he didn't present enough factual information, but the law does not require Mr. Jenkins to present that information. Instead, Mr. Jenkins must only make a preliminary assertion that trial counsel was ineffective, and at that point, it becomes the trial court's duty to make a further inquiry. Further, Your Honors, in a hearing for a motion to reduce sentence, the trial court — this, once again, came before the trial court. On its own, before opening the motion to reduce hearing, the trial court made a comment that there had been previous allegations of ineffective assistance of counsel. However, the trial court did not make an inquiry into the underlying basis of these allegations. Instead, the trial court asked if Mr. Jenkins wanted trial counsel to continue. Now, the State takes this to mean that the trial court, in some way, fulfilled its duty under Krinkle, but that's simply not true. At no point during this motion to reduce sentence did the trial court ever inquire of defense counsel or Mr. Jenkins about the factual allegations that were underlying this initial complaint. What's more, the trial court never corrected its earlier statement to Mr. Jenkins that any claims of ineffective assistance of counsel must be taken up on appeal or in a post-conviction proceeding. Thus, Mr. Jenkins would have had no further opportunity to present evidence to the trial court regarding ineffective assistance of counsel. Therefore, this second hearing also means that the trial court never made an inquiry into the factual allegations underlying Mr. Jenkins' complaints. Therefore, it failed to comply with its duties, and this Court should reverse and remand this case back down for further Krinkle inquiries. Well, what do you say about the State's position that we need to remand to determine or to potentially amend the minimus? Absolutely. There was some testimony, and the dates are unclear based on the testimony in the record, that Mr. Jenkins was held for multiple days. And both the State and Mr. Jenkins would agree that he was held for a period of time, but we're unsure of those dates or how much time he was held. I believe it was suggested it was two days, but the trial court would need to make that determination following a presentation. So regardless of what happens on all the other issues, you agree this issue has to be resolved on a remand? Yes. I mean, both issues need to be resolved on a remand. The credit for time served, and then also the Krinkle issue, regardless of issues number two and number three. Thank you. If this Court has no further questions. Thank you. Your Honors, the defendant's argument on appeal fails because the defendant is ignoring full facts. And first off, when a defendant makes a pro se claim for ineffective assistance of counsel, it can't just be a bare claim. I don't like my counsel. Counsel's ineffective. It has to be supported by some kind of specific fact to even trigger a Krinkle inquiry. And it's important because it's a de novo review on this issue about whether or not the court made a sufficient inquiry that we look at the facts and hear exactly what the defendant really said. After sentencing, counsel indicated that the defendant had something to say, and the defendant addressed the court and said, it's my understanding that I would have to say, bring this up now or I won't be able to bring it up on appeal. I believe that there were evidence that wasn't filed during trial that probably could have helped exonerate me for my innocence. So I would have to bring it forth or I wouldn't be able to bring it up on appeal. My counsel is ineffective. They didn't bring it to the table then. And there's no nexus between his allegation of their allegation of his assistance of counsel and anything counsel failed to do or did not do. This was a trial, wasn't it? It wasn't a trial. Was this a trial? It was a jury trial. So the judge knew that the defendant had put up an alibi defense. Yeah. And yet this defendant is saying you didn't put anything up. I have a problem because there was stuff that wasn't introduced that would have proved my innocence. I'm worried about the word innocence, to be honest with you. Evidence that wasn't filed. Okay. At that point in time, the court did not stop and make a tranquil hearing. Right. But at the very next proceeding, in the interim time. But isn't the law that the minute he heard that, knowing that the defendant had an alibi defense, didn't he have an obligation right then, hearing the word innocence, to conduct a tranquil hearing, not wait? Because your brief says that the court can look at the observations of counsel and things that have happened during the trial. And so I'm only worried that when you have innocence and alibi, do you really need to say more to trigger a tranquil hearing? I know you can't admit that. Well, you know, looking at this, there's no nexus between what counsel – there's no claim that counsel failed to do something. But there is a nebulous claim that they didn't bring it to the table. So you're saying there has to be some factual basis behind those conclusions. There has to be something. He has to claim that counsel didn't do something. And right now there's no nexus between what counsel – a bare claim, my counsel's ineffective, and all the other stuff that he says. He doesn't say, counsel should have brought this alibi witness to the table. I thought he said that. No, he doesn't say. He says, I believe that there were evidence that wasn't filed during the trial. But doesn't that mean the same thing as bringing somebody to testify? He doesn't say it's counsel that failed to do it. There's no nexus between his complaint about the evidence not being filed and what counsel did or did not do. So the court, even if the court erred or just is not stopping right then, the court did then, at a subsequent time, make an inquiry. And in the meantime, counsel filed a motion to reduce sentence or modify sentence. And the defendant filed a pro se motion for reduction of sentence. And when those motions were called, the court then made an inquiry. Well, what the court did is he – and I was impressed. He remembered that this defendant – he may be reminded, you think? Yeah, maybe. I was impressed that it was brought up again. And do you think that was the inquiry? Yes, because he says – And there's no testimony taken. The court addressed the defendant personally in open court. And he said that he would listen to anything the defendant wanted to state to the court that morning. So once he revokes it, then you're saying when he says, I want to continue with my counsel, then in essence are you saying he revoked it and there wasn't any reason to continue with the crinkle? First, the court gave the defendant an opportunity to say anything he wanted to say and was willing to listen to anything that he wanted to say. I think at that point the court – when the court heard that first statement after the sentencing hearing, I don't think it – I don't think it triggered in the court's mind any idea that he should – that it wasn't sufficient to conduct a crinkled inquiry. Then the court is trying to make sure that there is no error and that the defendant is actually happy with counsel and has no complaints. And at that point in time, before the hearing on the motions, he gives the defendant a chance to say anything he wants to say. He leaves it open-ended. But instead what happens is that the defendant agrees that he wants – that he's happy with counsel, he wants counsel to continue his counsel, and he withdraws his pro se motion. So I think the court adequately protected the defendant through this procedure. And I think the initial statement that the defendant made was not sufficient to trigger a crinkled inquiry. And then the court is trying to be extremely careful of the defendant's rights, and that is why the court brings it up and gives the defendant – to make absolutely sure that the defendant does not have complaints about counsel. Gives him a chance to stay open-ended, willing to listen to anything the defendant has to say. And what the defendant says is – the court then addresses the defendant in open court and says, Mr. Jenkins, do you want Mr. Davis to proceed on your behalf at this time? And the defendant person says, yes, yes, sir, Your Honor. So – But the defendant's in a box at that point. I mean, he's there to get his sentence reduced. The lawyer shows up. I mean, just because a judge says I'll hear anything you want to say, it could have been in the context of reducing the sentence. No, it was in the context of making an inquiry about his former complaints. That was the context. It wasn't in the context of – and this is before the hearing on the motions is going to – this is prior to – this is – it's been called for a hearing on the motions, but prior to hearing the motions, he's just basically – I mean, there's been a gap of time, but he's basically in the same spot, in the same position as he was when sentencing, just after sentencing. Because the very next interchange between the defendant and the court has to do with, you know, I'm willing to listen to anything you want to state to the court this morning. And this is – Does he mention about the prior complaint? Okay. At the beginning of the hearing, defense counsel says that the defendant wants to withdraw his pro se motion. And the court turns and asks the defendant if that is correct, and the defendant indicates he wants to withdraw his pro se motion. Then, you know, the court recalls that there was something said at the end of the sentencing hearing, and then the court asks – he tells the court, the defendant, that he's willing to listen to anything that the defendant wants to state that morning. The court says, and I'm quoting, that the court would note that at the conclusion of the sentencing hearing that was held on February 22nd, Mr. Jenkins did make a suggestion or an allegation of – to protect the record of ineffective assistance of counsel. Mr. Jenkins, do you want Mr. Davis to continue to proceed on your behalf at this time? And at that point, in that context of that question about complaints, that's when the defendant says, yes, Your Honor. And then the court asks the defense counsel if there's any clarification. Your Honors, at no time did the trial court provide Mr. Jenkins an opportunity to say anything he wanted. In fact, and the state has already read a portion of this, but the rest of the transcript provides even more clarity. It says the court would note that at the conclusion of the sentencing proceeding that was held on February 22nd, Mr. Jenkins did make a suggestion or an allegation to protect the record of ineffective assistance of counsel. Mr. Jenkins, do you want Mr. Davis to continue to proceed on your behalf at this time? The defendant says yes. And, of course, at this moment, Mr. Jenkins has already been told by trial court that any ineffective assistance of counsel complaints must be taken up on appeal or on a collateral matter. The court then goes on to say, okay, is there anything the state would wish to address regarding this issue? So that particular question was not asked to Mr. Jenkins. It was directed towards the state. The state declines to make any other comments. And then the court asks trial counsel, is there any clarification you believe you need to make at this point? And trial court counsel then says it's clear that Mr. Jenkins indicated he values your representation to proceed on his behalf at this time. Now, it's unclear at what point Mr. Jenkins claimed to value his counsel's representation. The last we had heard was he was complaining of ineffective. And so far he's simply said yes, counsel may proceed on my behalf. And the counsel, interestingly enough, goes on to say, I have spoken with Mr. Jenkins. He has informed me that he wishes that I proceed on his behalf at this hearing. In other words, Your Honor, this was a limited representation. There had been some conversation between Mr. Jenkins and counsel. And rather than to not be represented, Mr. Jenkins chose to be represented at this particular hearing. This in no way is an open-ended opportunity for Mr. Jenkins to further tell the trial court about what type of evidence, what type of witnesses could have further exonerated him at trial. And in fact, the trial court's word at the last hearing would have stopped him from making such allegations where he's already told the matter has been taken care of. It's been preserved for the record on appeal. This is something you handle on appeal or in a post-conviction petition. The trial court never said, Mr. Jenkins, let's talk about what your problem was when you complained the last time. Tell me anything you want. That simply didn't happen. All the trial court said was, do you want this continued representation? And even trial counsel clarified that this continued representation was limited to this hearing. There's nothing in the record where the trial court allowed Mr. Jenkins to further explain his problems with counsel. And further, he put on an alibi defense. This was a closely balanced case. He presented two witnesses that testified he couldn't have committed this crime because he was somewhere else. And he told the police he was with someone else. He absolutely was somewhere, according to the defendant, besides at the murder scene. And therefore, this at the very least should have triggered the trial court's duty to make an inquiry as to what witnesses or what evidence counsel had not presented on Mr. Jenkins' behalf. Therefore, this court should command for further crinkle proceedings. Thank you.